IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


LARRY PORTER,

     Petitioner,

v.                                      CASE NO. 1:08-cv-233-MP-AK

WALTER MCNEIL,

     Respondent.

_____/

## O R D E R

     This matter is before the Court on Doc. 1, petition for writ of habeas corpus, filed by Larry Porter. Petitioner has paid the filing fee. The Court has reviewed the petition and is of the opinion that amendment is necessary. For example, Petitioner indicates that the date of his conviction was July 18, 2008. The website for the Florida Department of Corrections, however, indicates that the date of his conviction was July 18, 2006. Furthermore, he states that he filed a motion to withdraw his guilty plea and a second motion for post-conviction relief. He does not give the date that on which he filed either of these motions or the date that the motion to withdraw was denied. Several months have now passed since Petitioner stated that he "just" filed what may be a second or successive Rule 3.850 motion, and the Court therefore requires an update on its status. Finally, the supporting facts of Petitioner's claims are vague. For example, Petitioner claims several instances of what appear to be ineffective assistance of counsel claims. However, he has failed to provide any specifics facts as to his conversations with his attorney

regarding the plea, what was said, when it was said, and what transpired during the conversations, and to submit an affidavit, under oath or under penalty of perjury, which supports those allegations.  He also indicates that his attempts to contact his second attorney were fruitless but again, he has not provided any particulars in that regard.  In addition, he claims that he was on "psychotic medication" and therefore was not "thinking right" when he entered his *nolo contendere* plea.  He did not, however, advise the Court what medications he was taking.

Petitioner shall therefore file an amended petition for writ of habeas corpus which more fully sets forth all of his grounds for relief and more particularly states the facts supporting those grounds.  In completing the § 2254 form, Petitioner is reminded that the petition must specify all the grounds for relief available to him; state the facts supporting each ground; state the relief requested; be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under § 2242.  § 2254 Rule 2(c)(1)-(5); *see also* N.D. Fla. Loc. R. 5.1(J)(3) (petition should not make reference to memorandum but must set forth claims and facts on form).  The amended petition must be filed in its entirety, incorporating all amendments, as matters not set forth in the second amended petition are deemed abandoned.  Loc. R. 15.1.

Accordingly, it is **ORDERED**:

That the Clerk shall forward to Petitioner four § 2254 forms;

That no later than **April 6, 2009**, Petitioner shall file an "Amended Petition" as explained in this order, along with two identical copies including any exhibits or attachments.  He shall also keep an identical copy for his records;

**That failure to respond to this order as instructed will result in a recommendation**

of dismissal of this action for failure to prosecute and failure to comply with an order of

this court.

      **DONE AND ORDERED** this  *3rd*  day of March, 2009.

                      *s/ A. KORNBLUM*                   
                      **ALLAN KORNBLUM**
                      **UNITED STATES MAGISTRATE JUDGE**