IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


LARRY PORTER,

       Petitioner,

v.                                                                                CASE NO. 1:08-cv-233-MMP-AK

WALTER MCNEIL,

       Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 8, First Amended Petition for Writ of Habeas Corpus, filed by Larry Porter.  The Court has reviewed the petition, and Respondent will now be required to file an answer addressing  the allegations in the petition.  § 2254 Rule 5(b).  "In addition, [the answer] must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  *Id.* Respondent may respond to the merits without waiving the exhaustion requirement.  *See* § 2254(b)(2) and § 2254(b)(3).  Respondent shall include references to the record (included with the answer pursuant to § 2254 Rule 5(d)) and citations to relevant legal authority.

The response shall be styled as an answer unless a motion to dismiss the entire petition is appropriate.  If a motion to dismiss is filed, Respondent need not also file an answer unless directed by the Court.  If an answer is filed raising a procedural defense to any ground for relief, Respondent may await a ruling before responding on the merits to that particular ground.

Petitioner may file a reply to any of Respondent's arguments within the time set by this order, but is not required to do so.  § 2254 Rule 5(e).

The Court will review the record after the answer and Petitioner's reply (if any) are filed. If it does not appear that a hearing or additional argument is warranted, then the undersigned will enter a report and recommendation for disposition of the § 2254 petition.  If an evidentiary hearing is warranted and permitted,[1] counsel will be appointed.  § 2254 Rule 8.

Accordingly, it is **ORDERED:**

1.  The clerk shall serve a copy of Doc. 8, along with this order, to Respondent and the Attorney General of the State of Florida via certified mail, return receipt requested.

2.  Respondent shall file an answer or other pleading on or before **June 8, 2009.**  If voluminous exhibits or records (such as transcripts) are submitted in support of the answer, **paper copies shall be provided to the court**.

3.  Petitioner shall have until **July 8, 2009**, to file a reply, if desired.

**DONE AND ORDERED** this   *6ᵗʰ*   day of April, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Section 2254(e)(2) generally bars the court from granting an evidentiary hearing if the Petitioner failed to properly develop the facts in support of his claim in state court.  Schriro v. Landrigan, 127 S.Ct. 1933, 1940, n. 1, 167 L.Ed.2d 836 (U.S. 2007) (citing § 2254(e)(2)).  Even where not barred by the statute, the Court has the discretion to deny a hearing if the record refutes the allegations or otherwise precludes relief.  127 S.Ct. at 1940, 1943-44 (citations omitted).